JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Nicholas Rutan, 620 Stevens Street, Indianapolis, Indiana 46203

**(b)** County of Residence of First Listed Plaintiff: Marion
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Benjamin Folkman, Esquire, 1949 Berlin Road, Cherry Hill, NJ 08003

## DEFENDANTS

Endava, Inc., 757 Third Avenue, Suite 1900, New York, NY 10017, Colin Swindells, Kevin Crawford, Paul Chapman, [illegible]

County of Residence of First Listed Defendant: New York
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [X] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq (1964)

Brief description of cause:
Employment discrimination

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ____________ DOCKET NUMBER ____________

DATE: 1/25/2026

SIGNATURE OF ATTORNEY OF RECORD: Benjamin Folkman

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

**FOLKMAN LAW OFFICES, P.C.**
Benjamin Folkman, Esquire
P.A. Bar No. 36870
1949 Berlin Road, Suite 100
Cherry Hill, NJ 08003
856-354-9444
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Nicholas Rutan,<br><br>Plaintiff,<br><br>v.<br><br>Endava Inc., Colin Swindells, Kevin Crawford, Paul Chapman, Ben Fraser, and Carl Lefkowitz,<br><br>Defendants. | CIVIL ACTION<br><br>NO.<br><br><br>**COMPLAINT AND JURY DEMAND** |

## I. INTRODUCTION

Plaintiff, Nicholas Rutan, brings this action against his former employer, Endava Inc. ("Endava"), pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq. ("Title VII") and the Pennsylvania Human Relations Act, as amended, 43 P.S. 951 et seq. ("PHRA"). While he was employed by Endava, Plaintiff was discriminated against, harassed, and subjected to a hostile and abusive working environment because of his sex and sexual orientation. In addition, Defendants retaliated against Plaintiff for complaining about and opposing the Defendants' discriminatory acts and practices. Endava's supervisors listed below aided and abetted the commission of some of the discriminatory and retaliatory acts:

- Colin Swindells, Head of Insurance Delivery
- Kevin Crawford, Global Client Director
- Paul Chapman, Managing Director Insurance
- Ben Fraser, Global Business Development Director Insurance
- Carl Lefkowitz, Senior VP and Managing Director of North American Insurance

## II. PARTIES

1. Plaintiff, Nicholas Rutan, is a homosexual adult male and is currently residing in Indianapolis, IN.

2. At all times relevant herein, Mr. Rutan was living and working in Philadelphia, PA.

3. Defendant, Endava, is a Delaware corporation which maintains its principal place of business at 757 Third Avenue Suite 1900, New York, NY 10017.

4. Endava's registered agent is C T CORPORATION SYSTEM, located at 28 Liberty Street, New York, NY, 10005.

5. Defendant, Colin Swindells, is an adult male who at all times relevant herein was the Head of Insurance Delivery of Endava.

6. Defendant, Kevin Crawford, is an adult male who at all times relevant herein was the Global Client Director of Endava.

7. Defendant, Paul Chapman, is an adult male who at all times relevant herein was the Managing Director Insurance of Endava.

8. Defendant, Ben Fraser, is an adult male who at all times relevant herein was the Global Business Development Director Insurance of Endava.

9. Defendant, Carl Lefkowitz, is an adult male who at all times relevant herein was the Senior Vice President and Managing Director of North American Insurance of Endava.

## III. JURISDICTION AND VENUE

10. Plaintiff brings this action pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq (1964) ("Title VII"), the Pennsylvania

Human Relations Act, 43 P.S. § 951 et seq. ("PHRA") and common law claims intentional infliction of emotional distress and negligence.

11. The Court has jurisdiction over this action, and in particular, Plaintiff's claims arising under Title VII, pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §1331.

12. The Court has supplemental jurisdiction over Plaintiff's other state statutory claims and common law state claims pursuant to 28 U.S.C. § 1367(a).

13. Venue over Plaintiff's federal and state claims is properly laid in this Court pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to those claims arose in this judicial district while Plaintiff was domiciled in this judicial district.

14. Venue is also proper in this judicial district pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices were committed in this district.

## IV. PLAINTIFF'S COMPLIANCE WITH ADMINISTRATIVE REQUIREMENTS

15. On July 7, 2025, Plaintiff submitted an intake questionnaire to the Equal Employment Opportunity Commission ("EEOC") and indicated that he wanted to file a charge of discrimination against Endava.

16. On November 4, 2025, Plaintiff filed a timely administrative Charge of Discrimination against Endava with the Equal Employment Opportunity Commission ("EEOC"), in which Plaintiff complained of acts and practices of discrimination and retaliation alleged herein.

17. The EEOC Charge number for Nicholas Rutan v. Endava, Inc. is 530-2026-00847.

18. The EEOC Charge was amended on November 20, 2025, naming, in addition to Endava, Inc., Colin Swindells, Kevin Crawford, Paul Chapman, Ben Fraser and Carl Lefkowitz.

19. On September 4, 2026, the EEOC issued to Plaintiff a Notice of Right to Sue, which Plaintiff received on September 4, 2026, informing him that the EEOC was terminating the processing of his Complaints (Charges) of Discrimination, and that he was required to file this lawsuit under Title VII within 90 days of his receipt of the Notice.

20. More than 180 days have passed since the filing of the EEOC Charge and the Amended EEOC Charge.

21. Plaintiff is filing this action within 90 days of his receipt of the EEOC Notice of Right to Sue.

22. For the reasons stated above, Plaintiff has the right to include in this action, his Title VII claims against Defendant Endava.

23. Plaintiff's EEOC Charge of Discrimination and Amended Charge were dual-filed/cross-filed with the Pennsylvania Human Relations Commission ("PHRC").

24. The PHRA claims are properly before the Court, as Plaintiff's Complaint of Discrimination has been pending before the PHRC since November 4, 2025; the one-year period prescribed by 43 P.S. § 962 ran on November 4, 2026, and the November 6, 2026, PHRC letter states "You are hereby notified, as required by Section 12 (c) of the Pennsylvania Human Relations Act, 43 P.S. Section 962 (c), that you have the right, upon the dismissal of your case, to file a complaint in the

courts of common pleas of the Commonwealth based on the right to freedom from discrimination granted by the Act. Section 962 (c)(1).

25. For all of the reasons stated above, Plaintiff has fully and timely complied with all administrative prerequisites and requirements for the filing of this action under Title VII and the PHRA.

## V. FACTUAL BACKGROUND

26. Plaintiff is an unmarried gay man without kids.

27. From November 2023 to June 2025, Plaintiff was employed by Endava as a Vice President, Senior Business Development Manager.

28. During the same timeframe, Plaintiff was a resident of Philadelphia, Pennsylvania.

29. During the same timeframe, Plaintiff was working remotely for Endava out of his home in Philadelphia, Pennsylvania.

30. Plaintiff's work for Endava included both sales as well as client relationship management.

31. Plaintiff's reporting structure within Endava included both U.S. and U.K. based executives.

32. During his tenure, Plaintiff raised concerns about discriminatory compensation practices, including differences in base pay, stock options, bonus pay, grade level, and account assignments between himself — a homosexual, unmarried employee without children — and heterosexual, married employees with families, and complained that compensation decisions were influenced by sex-based stereotypes concerning marital and family status.

33. In November of 2024, Plaintiff's colleague, Jay Chitnis, told Plaintiff that Defendant Ben Fraser had, on multiple occasions, said "you know he's gay, right?" whenever Plaintiff's name came up in workplace discussions.

34. In late February of 2025, Plaintiff's supervisor, Defendant Carl Lefkowitz, told Plaintiff that he "always made sure his straight married employee with five kids was the highest paid."

35. On February 28, 2025, following his conversation with Defendant Carl Lefkowitz, Plaintiff raised the issue of pay discrimination on the basis of sexual orientation and familial status with Defendant Kevin Crawford during a Teams call.

36. While on the Teams call, Defendant Kevin Crawford accessed internal compensation data in Oracle, disclosed a straight married colleague's salary, and told Plaintiff not to repeat what he had shared.

37. The compensation data showed that Plaintiff, a homosexual unmarried male, received less total compensation than a heterosexual married male with substantially the same role.

38. Defendant Crawford told Plaintiff that colleague Josh Aronowitz made the same base salary, but Mr. Aronowitz received stock options, additional sign-on bonus, and preferential accounts that resulted in more significant commissions.

39. Mr. Aronowitz was also getting assigned accounts that were already billing revenue, leading to more significant commissions.

40. Mr. Aronowitz is a heterosexual, married male with multiple children.

41. Defendant Kevin Crawford took no action to escalate Plaintiff's complaint of pay discrimination.

42. During his tenure, Plaintiff also reported Defendant Colin Swindells, for repeated use of a homophobic slur ("fag") during business meetings.

43. Plaintiff's colleague, Jay Chitnis, told Plaintiff that he believed that Defendant Colin Swindells' hostility toward Plaintiff was rooted in his sexual orientation.

44. On April 3, 2025, and again on April 7, 2025, Defendant Colin Swindells used the gay slur ("fag") during remote Teams meetings while Plaintiff was present.

45. Senior executives who were present when Defendant Colin Swindells used gay slurs included: Defendant Kevin Crawford and Defendant Ben Fraser.

46. Neither Defendant Kevin Crawford nor Defendant Ben Fraser corrected Defendant Colin Swindells when he used gay slurs during business meetings.

47. Plaintiff approached Defendant Colin Swindells after the first time he used the gay slur ("fag") to clear the air between them.

48. At that time, Plaintiff asked Defendant Colin Swindells if there was an issue they needed to address because of the hostility he displayed towards Plaintiff.

49. Plaintiff informed Defendant Colin Swindells that he did not want the hostility to affect their work product.

50. Defendant Colin Swindells was aware that the phrase "fag" was offensive and derogatory to homosexual people.

51. After this conversation, Defendant Colin Swindells continued to use the gay slur.

52. Defendant Swindells did not use the British idiom "back of a fag packet," a phrase denoting a rough calculation. He used the word "fag" standing alone — including telling Plaintiff, in response to Plaintiff's calculations on a proposal, that he would have to do some "back of the fag math," pointedly omitting the word "packet" —

in the presence of Plaintiff, an openly gay man, and of senior leadership. Plaintiff believes Defendant Swindells used the slur, and directed it at Plaintiff's work, because Plaintiff is gay.

53. On April 3, 2025, and April 7, 2025, Plaintiff reported, in writing, Defendant Colin Swindells' use of the homophobic slur "fag" to his Senior Vice President, Defendant Carl Lefkowitz.

54. At that time, Defendant Carl Lefkowitz acknowledged the use of the language during business meetings but failed to escalate Plaintiff's complaint of the gay slurs.

55. Defendant Carl Lefkowitz failed to speak directly to Defendant Colin Swindells regarding his use of gay slurs while in the workplace.

56. Defendant Carl Lefkowitz later admitted he mentioned Plaintiff's report of the gay slurs to Defendant Ben Fraser, but that he failed to follow Endava's policy.

57. During the week of April 21, 2025, Plaintiff raised the gay slur issue again directly with Defendant Kevin Crawford, while the Plaintiff was on a business trip in London.

58. At that time, Defendant Kevin Crawford did not deny that Defendant Colin Swindells used the gay slur "fag" during business meetings.

59. Defendant Kevin Crawford took no corrective action after receiving Plaintiff's report of gay slurs.

60. Plaintiff's employer, Endava, did not take any action to address Plaintiff's concerns about the use of gay slurs in the workplace and the pay discrimination.

61. On June 13, 2025, Defendant Ben Fraser terminated Plaintiff's employment in retaliation for Plaintiff's reporting the use of gay slurs in the workplace and of pay discrimination.

62. Plaintiff was informed by Defendant Fraser that the reason for his termination was "lack of work." Endava's Human Resources department confirmed that reason in writing on June 16, 2025.

63. However, less tenured and/or poorer performing peers in his same role were retained.

64. The core of Plaintiff's claims was admitted by Endava's own leadership: Plaintiff's supervisor told him that he "always made sure his straight married employee with five kids was the highest paid," and, after Plaintiff was terminated, Endava's Human Resources Department acknowledged in writing that Plaintiff's supervisor had breached Endava's own policy by failing to escalate Plaintiff's discrimination complaints. The stated reason for Plaintiff's termination — a "lack of work" — is contradicted by Endava's own records, including post-termination written statements from two of the individual Defendants attesting that Plaintiff's performance was exemplary.

65. The stated reason for Plaintiff's termination was false. After his termination, Defendant Fraser and Defendant Lefkowitz each provided Plaintiff written statements praising his performance. On August 22, 2025, Defendant Fraser described Plaintiff as a "dedicated, reliable positive contributor" who "would be a valuable asset to any sales team." On August 27, 2025, Defendant Lefkowitz wrote

that Plaintiff had "earned high marks," that his "contributions left a lasting impact," and that he "would gladly work with him again."

66. Plaintiff was not offered any alternative position. Endava had open roles for which Plaintiff was qualified, and, within the eighteen months before Plaintiff's termination, Endava had moved other Insurance business-development employees, including Lena Armas and Jackson Norton, into different roles elsewhere in the organization rather than terminating them. Defendant Lefkowitz had previously raised moving Plaintiff into a client partner role; no such move, or any other alternative role, was offered to Plaintiff when his position was selected for elimination.

67. Moreover, beginning in or about August 2025, within weeks of Plaintiff's termination, Endava was actively recruiting for a "Client Partner" position encompassing duties nearly identical to those that Plaintiff had performed.

68. Moreover, Endava interviewed candidates for that position, including candidates solicited to assume the responsibilities formerly held by Plaintiff.

69. Upon information and belief, Endava engaged in active negotiations to hire a candidate into that position to replace Plaintiff.

70. On July 17, 2025, Endava's Human Resources Department formally acknowledged in writing, by email, that Defendant Carl Lefkowitz had breached Endava's policy by failing to escalate Plaintiff's report of discrimination, stating that Defendant Lefkowitz "did not report the issue through the appropriate internal channels, which was inconsistent with Endava's policies and expectations for leaders."

71. Despite what was stated in the July 17, 2025 email, Endava took no corrective action, and on July 25, 2025, Endava informed Plaintiff that its post-termination investigation had found “no evidence of discrimination or violation of policy by any individuals involved.”

72. At no time before or after July 17, 2025, was Plaintiff offered his role back at Endava.

73. Following his termination, Plaintiff diligently sought comparable employment. He began new employment on December 15, 2025, at a base salary $5,000 per year less than his base salary at Endava.

74. Moreover, due to the retaliatory termination, Plaintiff was deprived of his bonus, commission, and equity compensation from Endava.

## COUNT I
## VIOLATION OF TITLE VII

75. Plaintiff hereby incorporates by reference the above paragraphs as if set forth fully and at length herein.

76. The said acts, conduct and statements of Defendants caused Plaintiff to suffer discrimination based on his sex — including his sexual orientation, and Defendants’ reliance on sex-based stereotypes concerning marital and family status — in violation of Title VII.

77. The said acts, conduct and statements of Defendants caused Plaintiff to be subjected to gay slurs in violation of Title VII.

78. The said acts, conduct and statements of Defendants caused Plaintiff to be subjected to a hostile and abusive work environment in violation of Title VII.

79. The said acts, conduct and statements of Defendants caused Plaintiff to be subject to pay discrimination in violation of Title VII.

80. The said acts, conduct and statements of Defendants caused Plaintiff to be retaliated against in violation of Title VII.

81. Endava terminated Plaintiff's employment because of his sexual orientation and in retaliation for his opposition to Defendants' discriminatory acts and practices, and his said termination was therefore in further violation of Title VII.

82. Defendants' violations of Title VII were intentional, malicious and/or committed with reckless indifference to Plaintiff's rights, thereby entitling Plaintiff to an award of punitive damages.

83. As a direct and proximate result of Defendants' violations of Title VII, Plaintiff has suffered and will suffer those damages and losses set forth herein and has incurred attorneys' fees and costs.

84. As a direct and proximate result of Defendants' violations of Title VII, Plaintiff has suffered and will suffer irreparable harm, as a result of which Plaintiff is entitled to equitable and/or injunctive relief.

85. No previous application has been made for the relief requested herein by Plaintiff.

**WHEREFORE**, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, interest, attorney's fees, costs of suit and such other relief as is deemed to be just and equitable by the Court.

**COUNT II**
**VIOLATION OF PENNSYLVANIA HUMAN RELATIONS ACT, 43 P.S. §§ 951-963**

86. Plaintiff hereby incorporates by reference the above paragraphs as if set forth fully and at length herein.

87. The said acts, conduct and statements of Defendants caused Plaintiff to suffer discrimination on the basis of his sex — including his sexual orientation, and Defendants' reliance on sex-based stereotypes concerning marital and family status — in violation of Section 5 of the Pennsylvania Human Relations Act, 43 P.S. §§ 951-963, and the implementing regulations, 16 Pa. Code §§ 41.1-47.74.

88. The said acts, conduct and statements of Defendants caused Plaintiff to be subjected to gay slurs in violation of Section 5 of the Pennsylvania Human Relations Act, 43 P.S. §§ 951-963, and the implementing regulations, 16 Pa. Code §§ 41.1-47.74.

89. The said acts, conduct and statements of Defendants caused Plaintiff to be subjected to a hostile and abusive work environment in violation of Section 5 of the Pennsylvania Human Relations Act, 43 P.S. §§ 951-963, and the implementing regulations, 16 Pa. Code §§ 41.1-47.74.

90. The said acts, conduct and statements of Defendants caused Plaintiff to be subject to pay discrimination in violation of Section 5 of the Pennsylvania Human Relations Act, 43 P.S. §§ 951-963, and the implementing regulations, 16 Pa. Code §§ 41.1-47.74.

91. The said acts, conduct and statements of Defendants caused Plaintiff to be retaliated against in violation of Section 5 of the Pennsylvania Human Relations Act, 43 P.S. §§ 951-963, and the implementing regulations, 16 Pa. Code §§ 41.1-47.74.

92. The said acts, conduct and practices of Defendants, caused Plaintiff's retaliatory termination, in further violation of Section 5 of the Pennsylvania Human Relations

Act, 43 P.S. §§ 951-963, and the implementing regulations, 16 Pa. Code §§ 41.1-47.74.

93. Defendants' violations of Section 5 of the Pennsylvania Human Relations Act, 43 P.S. §§ 951-963, and the implementing regulations, 16 Pa. Code §§ 41.1-47.74 were intentional, malicious and/or committed with reckless indifference to Plaintiff's rights, thereby entitling Plaintiff to an award of punitive damages.

94. As a direct and proximate result of Defendants' violations of Section 5 of the Pennsylvania Human Relations Act, 43 P.S. §§ 951-963, and the implementing regulations, 16 Pa. Code §§ 41.1-47.74 Plaintiff has suffered and will suffer those damages and losses set forth herein and has incurred attorneys' fees and costs.

95. As a direct and proximate result of Defendants' violations of Section 5 of the Pennsylvania Human Relations Act, 43 P.S. §§ 951-963, and the implementing regulations, 16 Pa. Code §§ 41.1-47.74 Plaintiff has suffered and will suffer irreparable harm, as a result of which Plaintiff is entitled to equitable and/or injunctive relief.

**WHEREFORE**, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, interest, attorney's fees, costs of suit and such other relief as is deemed to be just and equitable by the Court.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

96. Plaintiff hereby incorporates by reference the above paragraphs as if set forth fully and at length herein.

97. Defendants' intentional conduct, as aforedescribed — including the repeated use of a homophobic slur in business meetings in the presence of senior leadership, management's failure to investigate or correct that conduct after Plaintiff complained, and Plaintiff's retaliatory termination — was extreme and outrageous, causing Plaintiff severe emotional distress, physical injury, humiliation, embarrassment, mental anguish and loss of personal dignity.

**WHEREFORE**, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, interest, attorney's fees, costs of suit and such other relief as is deemed to be just and equitable by the Court.

## COUNT IV
## NEGLIGENCE

98. Plaintiff hereby incorporates by reference the above paragraphs as if set forth fully and at length herein.

99. At all times relevant herein, Defendant Endava acted through its duly authorized agents, servants, workers, and/or employees, all of whom were acting in the course and scope of their employment and/or authority, and for the benefit of Defendant Endava.

100. Defendant Endava, owed a duty to Plaintiff to use care in managing, hiring and supervising managers, supervisors and employees, to use care to prevent and remedy harassment and discrimination in the workplace, and to use care to establish, publish, promulgate and enforce policies to prevent and remedy harassment and discrimination and to properly supervise instruct and/or train its staff and/or employees to act in accordance with federal and state anti-discrimination laws.

101. As a direct and proximate result of Defendant Endava's negligence and/or reckless conduct, Plaintiff has sustained loss of income, severe emotional distress, physical manifestations of emotional distress, humiliation, embarrassment, mental anguish and loss of personal dignity.

**WHEREFORE**, Plaintiff demands judgment against Defendant Endava for compensatory damages, punitive damages, interest, attorney's fees, costs of suit and such other relief as is deemed to be just and equitable by the Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues.

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I HEREBY CERTIFY that the matter in controversy is not the subject of any other action pending in any court or any arbitration, and that no such other action is contemplated. I am not aware of any other parties that need to be joined at this time.

Respectfully submitted,

FOLKMAN LAW OFFICES, P.C.



By: ______________________________

Benjamin Folkman, Esquire
P.A. Bar No. 36870
1949 Berlin Road, Suite 100
Cherry Hill, NJ 08003
856-354-9444
*Attorneys for Plaintiff*

Dated: November 24, 2026

I, Nicholas Rutan, hereby state that I am the Plaintiff in the foregoing action; that I have personal knowledge of the statements made in the foregoing Complaint or provide these allegations upon information and belief, and that the statements made in Plaintiff's Complaint are true and correct to the best of my knowledge, information, and belief.

I understand that the statements in this Verification are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.



ID 47hp43wwAoF1rUGzPmDabbHb

Nicholas Rutan